776 N.W.2d 503 (2009)
279 Neb. 60
COPPLE CONSTRUCTION, L.L.C., appellee and cross-appellee,
v.
COLUMBIA NATIONAL INSURANCE COMPANY, appellant and cross-appellee, and
Tyson Fresh Meats, Inc., appellee and cross-appellant.
No. S-09-267.
Supreme Court of Nebraska.
December 24, 2009.
*505 Jerald L. Rauterkus and Sara A. Lamme, of Erickson Sederstrom, P.C., Omaha, for appellant.
Daniel B. Shuck, of Shuck Law Firm, Sioux City, IA, for appellee Tyson Fresh Meats, Inc.
*506 Paul D. Lundberg, of Lundberg Law Firm, Sioux City, IA, for appellee Copple Construction, L.L.C.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

NATURE OF CASE
Copple Construction, L.L.C., brought a declaratory judgment action against Columbia National Insurance Company (Columbia) asserting a claim for coverage under a policy of insurance issued by Columbia. Tyson Fresh Meats, Inc. (Tyson), was subsequently added as a necessary party. The district court granted summary judgment for Copple Construction. It later granted Copple Construction's motion for attorney fees, but denied Tyson's. Columbia appeals, and Tyson cross-appeals.

FACTS
Copple Construction is owned and operated by Jerry Copple. Although Copple Construction does work for other clients, its main client is Tyson. On April 26, 2006, a Tyson employee contacted Copple Construction to have it repair two small holes in a polyethylene tarp which acted as a lagoon cover at a wastewater treatment plant in Dakota City, Nebraska, owned by Tyson. The lagoons and corresponding covers are large; Copple testified that they are about the size of a football field. The cover itself is secured to the edges of the lagoon by pulling the sides of the cover into an anchor trench in the ground and filling that trench with concrete. Under these covers, methane gas is created by the anaerobic breakdown of the materials from the wastewater. That methane is collected, "scrubbed," and used as fuel for boilers at the plant.
Upon arriving at Tyson, Copple and his employee, William Babb, were escorted to the areas in need of patchingholes of approximately three-fourths of an inch to an inch at both lagoons 9 and 11. The hole at lagoon 11 was patched without incident. Copple and Babb then moved on to the hole in the cover at lagoon 9. Copple began the preliminary steps necessary to patch the hole, including cleaning the area and cutting the patch. He also began heating a hot-air blower to fuse the patch to the cover. The blower was making strange noises, so Copple used his knife to scrape the tip of the blower. A fire erupted from the blower. The fire destroyed about one-third of the tarp covering lagoon 9. According to Tyson, costs related to the replacement of the tarp are $340,147.83.
Copple Construction filed a claim for coverage under a general liability policy issued by Columbia. Columbia denied Copple Construction's claim. Copple Construction then filed a suit requesting a declaratory judgment that the loss was covered under the policy.
Copple Construction filed a motion for summary judgment, which Tyson joined. Columbia filed a cross-motion for summary judgment. Initially, the district court denied both motions, but later granted Copple Construction's motion to reconsider, concluding that no policy exclusion operated to deny coverage. The district court later granted Copple Construction's request for attorney fees, but denied Tyson's. Columbia appeals, and Tyson cross-appeals.

ASSIGNMENTS OF ERROR
On appeal, Columbia assigns, restated and renumbered, that the district court erred in (1) finding that exclusion I(A)(2)(j)(5) did not apply; (2) finding that exclusion I(A)(2)(j)(6) did not apply; (3) *507 concluding that the policy's total pollution exclusion, I(A)(2)(f), did not apply; (4) granting Copple Construction's and Tyson's motions for summary judgment while denying its own; (5) relying upon the testimony of an agent employed by the agency which sold Copple Construction the policy of insurance; and (6) awarding Copple Construction attorney fees.
On cross-appeal, Tyson argues that the district court erred in not awarding it attorney fees.

STANDARD OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[2]
The interpretation of an insurance policy is a question of law.[3] In reviewing questions of law, an appellate court resolves the question independently of the lower court's conclusion.[4]

ANALYSIS

IS COVERAGE EXCLUDED BY POLICY?
On appeal, Columbia assigns that the district court erred by not finding that coverage under Copple Construction's policy of insurance was excluded under three different policy exclusions: the business risk exclusions of I(A)(2)(j)(5) and (6), and the total pollution exclusion of I(A)(2)(f).
Since we conclude that business risk exclusion I(A)(2)(j)(5) excludes insurance coverage for Copple, it is not necessary to address Columbia's assignments of error with regard to the other exclusions of the policy. Exclusion I(A)(2)(j)(5) provides that "[t]his insurance does not apply to ... [t]hat particular part of real property on which you or any contractors or sub-contractors working directly or indirectly on your behalf are performing operations, if the `property damage' arises out of those operations."
As an initial matter, there does not seem to be any dispute that Copple and Babb were performing operations within the meaning of the exclusion. A review of the record confirms this: Copple and Babb had clearly begun their work at the time of the fire, as the leak had been prepped and the hot-air blower was being heated. Still at issue, however, is whether the property damage at issue was to "[t]hat particular part of real property" within the meaning of the exclusion.
We turn first to the question of whether the tarp was real property. To answer this, we must determine whether the cover was a fixture. A fixture is defined by Black's Law Dictionary as
[p]ersonal property that is attached to land or a building and that is regarded as an irremovable part of the real property.... Historically, personal property becomes a fixture when it is physically fastened to or connected with the land or building and the fastening or connection *508 was done to enhance the utility of the land or building.[5]
And this court has further defined fixture as "a chattel which is capable of existing separate and apart from realty ... but which, by actual annexation and appropriation to the use or purpose of the realty with the intention of making it a permanent accession thereto, becomes a part of the realty."[6]
This court has held that to determine whether an item constitutes a fixture requires this court to look at three factors: (1) actual annexation to the realty, or something appurtenant thereto; (2) appropriation to the use or purpose of that part of the realty with which it is connected; and (3) the intention of the party making the annexation to make the article a permanent accession to the freehold.[7] This third factor is generally regarded as the most important factor when determining whether an item is a fixture.[8]
The polyethylene tarp in question was stretched across an individual lagoon. The lagoon itself is about the size of a football field and edged with an anchor trench about 4 feet deep by 2 feet wide. The edge of the tarp was placed into the anchor trench, and concrete was poured over it to hold it in place. According to a Tyson employee who works at the wastewater plant, the tarps, which act as lagoon covers, are never removed and there is no process for doing so.
Considering the first factor as set forth above, given that the tarp is placed into a trench and weighed down with concrete, we conclude that the tarp was annexed to the real property. As to the second factor, the part of the realty to which the tarp was connected is a wastewater lagoon, and the tarp was acting as a cover for that lagoon. Finally, it seems clear that it was Tyson's intent that the tarp become a permanent part of the property, given that the covers are never removed and there is no procedure for doing so. We conclude that the tarp was a fixture and, therefore, real property.
The second question facing this court is whether the property damage in question, in this case the fire, was to "[t]hat particular part" on which Copple was "performing operations." On appeal, Columbia argues that the cover is what was destroyed by the fire, thus the property damage in question was to "[t]hat particular part." Copple Construction, however, argues that it was hired to repair a small hole in a much larger tarp, that Copple and Babb were directed to an area about 4 feet by 4 feet, and that this smaller area was "[t]hat particular part" at issue.
In Vinsant Elec. Contr. v. Aetna Cas. & Sur.,[9] the insured was hired to install two circuit breakers in a switchboard. During the installation, the switchboard caught fire and was destroyed. The court determined that even though the switchboard was clearly made of different parts, it was nevertheless "`clearly a unit of property within itself, self-contained and a single item.'"[10] As such, the damage was excluded under an exclusion similar to the one at issue in this case.
*509 And in Jet Line Services, Inc. v. American Employers Insurance Co.,[11] the insured was hired to clean out a fuel tank. While cleaning the bottom of the tank, there was an explosion. The insured argued that the occurrence was covered, but the court disagreed:
[T]he words "that particular part of any property ... on which operations are being performed" refers to the entire tank and not just to the bottom of the tank that [the insured's] personnel were cleaning at the moment of the explosion. [The insured] was retained to clean the entire tank, and it was the entire tank on which operations were being performed within the meaning of the policy language.[12]
Like the courts in Vinsant Elec. Contr. and Jet Line Services, Inc., we conclude that it is not possible to segregate the tarp at issue into smaller sections for the purposes of determining on what part of the tarp Copple was "performing operations." As a practical matter, such an approach is unworkable. We therefore conclude that it was the entire tarp upon which operations were being conducted within the meaning of the policy exclusion.
We conclude that the policy exclusion set forth in I(A)(2)(j)(5) is applicable and precludes coverage for the occurrence at issue in this case. The district court erred in finding otherwise.

REMAINING ASSIGNMENTS OF ERROR AND CROSS-APPEAL
In addition to its argument regarding I(A)(2)(j)(5), Columbia also argues the applicability of two other policy exclusions. But because we have found that coverage is excluded under I(A)(2)(j)(5), we need not reach Columbia's arguments with respect to these other exclusions.
Columbia also argues that the district court erred in admitting the testimony of the agent employed by the agency which sold Copple Construction the policy of insurance. Given our resolution of this appeal, we also decline to reach this assignment of error.
Finally, Columbia assigns that the district court erred in awarding Copple Construction attorney fees. Given that we conclude that there was no coverage under the policy issued by Columbia, we agree that it was error to do so.
On cross-appeal, Tyson contends that the district court erred in not awarding it attorney fees. Again, given our conclusion that there was no coverage, we find Tyson's argument without merit.

CONCLUSION
We conclude that the district court erred in finding coverage under the policy of insurance issued to Copple Construction by Columbia and in granting Copple Construction's motion for summary judgment. Accordingly, we reverse the judgment and remand the cause to the district court with directions to enter judgment in favor of Columbia.
REVERSED AND REMANDED WITH DIRECTIONS.
HEAVICAN, C.J., not participating.
NOTES
[1] Rickerl v. Farmers Ins. Exch., 277 Neb. 446, 763 N.W.2d 86 (2009).
[2] Id.
[3] Id.
[4] Id.
[5] Black's Law Dictionary 713 (9th ed. 2009).
[6] Fuel Exploration, Inc. v. Novotny, 221 Neb. 17, 22, 374 N.W.2d 838, 842 (1985).
[7] Northern Natural Gas Co. v. State Bd. of Equal., 232 Neb. 806, 443 N.W.2d 249 (1989).
[8] Id.
[9] Vinsant Elec. Contr. v. Aetna Cas. & Sur., 530 S.W.2d 76 (Tenn.1975).
[10] Id. at 77.
[11] Jet Line Services, Inc. v. American Employers Insurance Co., 404 Mass. 706, 537 N.E.2d 107 (1989).
[12] Id. at 711, 537 N.E.2d at 111.